UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-10318-RGS

RAYMOND WASHINGTON

v.

SECRETARY ALEJANDRO MAYORKAS; ATTORNEY GENERAL
MERRICK GARLAND; DIRECTOR UR MENDOZA JADDON; and
DIRECTOR DANIEL M. RENAUD

<u>ORDER</u>

April 19, 2024

STEARNS, D.J.

Before the court is *pro se* Plaintiff Raymond Washington's motion for default judgment and affidavit. Dkt. Nos. 5, 6. The complaint was filed on February 8, 2024, naming four federal government defendants in their official capacities. Service of process was not effective as to any of the defendants because he has only attempted to serve the defendants through the priority mail service of the United States Postal Service. Under Rule 4, which governs service of process, a party seeking to sue an officer of the United States, whether in their individual or official capacity, must also serve process on the United States. Fed. R. Civ. P. 4(i)(2)-(3).

Here, Plaintiff must satisfy the requirements of Rule 4(i)(1) for service on the United States and the additional requirements of Rule 4(i)(2) because he is suing United States officers or employees in an official capacity only. *See* Fed. R. Civ. P. 4(i)(2) (plaintiff "must serve the United States and also"

send a copy of the summons and complaint by registered or certified mail to the United States agency or officer or employee). *See also Fishman v. Trump*, No. 19-cv-11734-JDL, 2020 WL 4431769, at *3 (D. Mass. July 31, 2020).

Thus, where officers or employees of the United States are being sued in their official capacities, service must be effected by (1) delivering copies of the summons and complaint either to the United States Attorney for the district where the action is brought, or to an assistant United States attorney or clerical employee whom the United States designates in a writing filed with the court clerk, (2) sending a copy of the summons and complaint by registered by registered or certified mail to the Attorney General of the United States at Washington, D.C., and (3) where the action challenges an order of a nonparty agency or officer of the United States, sending a copy of the summons and complaint by registered or certified mail to the agency or officer. Fed. R. Civ. P. 4(i)(1). To serve an officer or employee who is a competent adult residing in the United States, a plaintiff must comply with Rule 4(e). *Id.* 4(i)(3).

Under Rule 4(l), unless service is waived, proof of service must be made to the court. Fed. R. Civ. P. 4(l). Except where the United States marshal completes service, proof of service must be made by affidavit of the server. *Id.*

2

Under Rule 4(m), if a defendant is not served within 90 days after the complaint is filed, the court, on motion or its own after notice to plaintiff, must dismiss the action without prejudice against that defendant or order that service be completed within a specified time. Fed. R. Civ. P. 4(m). If plaintiff shows "good cause" for the failure, the court must extend the time for completing service. *Id.*

Under Local Rule 4.1(a), any summons not returned with proof that it was served within 90 days after the complaint is filed is deemed unserved for the purpose of Fed. R. Civ. P. 4(m).  L.R. 4.1(a).

Under Local Rule 4.1(b), counsel or a *pro se* party who seeks to show good cause for the failure to complete service within the 90-day period must file a motion for extension of time and a supporting affidavit.   If on the fourteenth day following the expiration of the 90-day period good cause has not been shown, the clerk must enter an order of dismissal for failure to complete service, without awaiting any further order of the court. L.R. 4.1(b).

Finally, even if service of process was properly effected, a default

judgment may not be appropriate.[1]

For the foregoing reasons, the motion for default judgment is <u>DENIED</u>.

SO ORDERED.

<u>/s/ Richard G. Stearns</u>
UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to Rule 55(e) of the Federal Rules of Civil Procedure, "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court."   Fed. R. Civ. P. 55(e).