UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-10318-RGS

RAYMOND WASHINGTON

v.

ALEJANDRO MAYORKAS, as Secretary
of the Department of Homeland Security;
MERRICK GARLAND, as Attorney General
of the United States; UR JADDOU, as Secretary
of the United States Citizenship and Immigration
Services; and DANIEL RENAUD, as Director
of the Vermont Service Center of the United
States Citizenship and Immigration Services

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS

August 15, 2024

STEARNS, D.J.

Plaintiff Raymond Washington filed this action to compel immediate adjudication of his asylum application. He asserts claims under the Mandamus Act (Count II), 28 U.S.C. § 1361, and the Administrative Procedure Act (APA) (Count I), 5 U.S.C. § 701, *et seq*. Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), contending that the court lacks subject matter jurisdiction over Count II and

that Washington fails to state a claim for relief with respect to Count I.[1] For the following reasons, the court will allow both motions.

## DISCUSSION

### I. Mandamus Claim (Count II)

The Mandamus Act provides for the district court to have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "However, to be entitled to mandamus relief, a movant must show that: (1) his claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other remedy offering adequate relief is available." *Khitab v. Novak*, 524 F. Supp. 2d 105, 106-107 (D. Mass. 2007).

Washington stumbles at the first step.[2] He has not identified any provision of the law entitling him to immediate adjudication of his asylum

---

[1] Defendants also correctly note that, despite the court's prior indulgence and instruction on the matter, Washington has failed to effectuate proper service under Federal Rule of Civil Procedure 4. The court could dismiss on this basis alone. *See* Fed. R. Civ. P. 12(b)(5).

[2] The court also holds doubts as to whether Washington meets the second or third requirement. The existence of qualifying language within the statute, for example, seemingly belies the suggestion that USCIS has any nondiscretionary duty to meet certain decisional deadlines, *see* 8 U.S.C. §§ 1158(d)(5)(A)(ii)-(iii) (timelines apply "absent exceptional circumstances"), and Washington appears to have other avenues of relief

application.  At best, he relies on the timeline set forth in § 1158(d)(5)(A) of the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1101, *et seq.*, but the court "agrees with 'the chorus of other courts across the country' that have concluded that '§ 1158(d)(7)[3] of the INA bars Plaintiff from claiming any legally enforceable right to have [his] application[] adjudicated within the provided timeframes.'"  *Baisheng Chen v. Wolf*, 2020 WL 6825681, at *3 (S.D.N.Y. Nov. 20, 2020), quoting *Fangfang Xu v. Cissna*, 434 F. Supp. 3d 43, 56 (S.D.N.Y. 2020).  The court accordingly allows the motion to dismiss for lack of jurisdiction.

## II. APA Claim (Count I)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Two basic principles guide the court's analysis.  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."

---

available here (*e.g.*, an APA claim).  The court need not decide the issue, however, because it finds the first requirement unmet.

[3] Section 1158(d)(7) provides that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person."

*Iqbal*, 556 U.S. at 678. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. A claim is facially plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

In assessing whether administrative delay rises to the realm of the unreasonable, courts often apply the factors set forth in *Telecomms. Rsch. & Action Ctr. v. F.C.C.* (*TRAC*), 750 F.2d 70 (D.C. Cir. 1984):

> (1) the time agencies take to make decisions must be governed by a "rule of reason"; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"

*V.U.C. v. United States Citizenship & Immigr. Servs.*, 557 F. Supp. 3d 218, 223 (D. Mass. 2021), quoting *TRAC*, 750 F.2d at 80. At this stage in the proceeding, the court reviews not for the merits but instead for "whether [Washington's] complaint alleges 'facts sufficient to state a plausible claim for unreasonable administrative delay.'" *Akrayi v. United States Dep't of*

4

*State*, 2023 WL 2424600, at *3 (D.D.C. Mar. 9, 2023), quoting *Liu v. Mayorkas*, 2021 WL 2115209, at *3 (D.D.C. May 25, 2021).

## A. Application

Although the court sympathizes with Washington's frustration with the length of time it has taken to adjudicate his asylum application, it concludes, after balancing the *TRAC* factors, that he has not plausibly alleged unreasonable administrative delay. It accordingly will allow the motion to dismiss for failure to state a claim.

### a. Factors One and Two

The first two *TRAC* factors, which are "typically considered together," *see Milligan v. Pompeo*, 502 F. Supp. 3d 302, 317 (D.D.C. 2020), weigh in defendants' favor. Washington does not dispute that USCIS's last-in, first-out system of reviewing asylum applications is a rule of a reason, and the nothing in the text of the enabling statute independently compels the conclusion that a different system is required.[4]

---

[4] Although the enabling statute sets forth a general schedule for adjudicating applications, it permits deviation from that schedule in "extraordinary circumstances." *See* 8 U.S.C. §§ 1158(d)(5)(A)(ii)-(iii). And even if the inclusion of qualifying language was not, on its own, decisive, the court finds it significant that, as discussed above, Congress expressly declined to make the statutory schedule enforceable by private right of action, *see id.* § 1158(d)(7), eliminating any consequences for failure to adhere to it.

### b. Factor Four

The fourth *TRAC* factor also weighs in defendants' favor. Expediting review of Washington's petition would necessarily delay adjudication of other applications ahead of his in the queue. *See Muvvala*, 2020 WL 5748104, at *4 ("Granting Plaintiffs' requested relief would simply move Muvvala's applications to the front of the USCIS's backlog, and thus 'a judicial order putting [Muvvala] at the head of the queue simply moves all others back one space.'"), quoting *In re Barr Labs., Inc.*, 930 F.2d 72, 75 (D.C. Cir. 1991).

### c. Factors Three and Five

The third *TRAC* factor, on its own, sightly favors Washington. *See* Compl. [Dkt # 1] ¶ 28 ("The delay has caused emotional stress and torture to the Plaintiff adding onto the physical torture he had already experienced at the hands of his home government and security operatives."). Once considered in conjunction with the fifth *TRAC* factor, however, the balance shifts in defendants' favor. Other applicants awaiting a decision presumably face the same emotional distress as Washington, and Washington offers no reasonable basis for the court to elevate his mental health over theirs. *See Saleh v. Ridge*, 367 F. Supp. 2d 508, 513 (S.D.N.Y. 2005).

### d. Factor Six

The sixth *TRAC* factor favors defendants. There is no evidence that the agency has improperly refused to adjudicate Washington's petition.

## ORDER

For the foregoing reasons, the motion to dismiss Count I for lack of subject matter jurisdiction is <u>ALLOWED</u>, and the motion to dismiss Count II for failure to state a claim is <u>ALLOWED</u>. The Clerk shall enter judgment against plaintiff and close this case.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE